The parties request that this
Exhibit be filed. The Exhibit
should be filed.
So Ordered.
[signature] GKeer
U.S.D.J.
Court Ex. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: |
| v. | : | Filed: |
| DANIEL MOSHE NAEH, A/K/A DANI NAEH, | : | Violations: 15 U.S.C. § 1<br>18 U.S.C. § 371<br>18 U.S.C. § 1343 |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**10 CRIM 139**

## PLEA AGREEMENT

The United States of America and the defendant Daniel Moshe Naeh, a/k/a Dani Naeh hereby enter into the following plea agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY
### AND WAIVE CERTAIN RIGHTS

1. Daniel Moshe Naeh, a/k/a Dani Naeh ("Naeh") agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against him in the United States District Court for the Southern District of New York. Naeh will waive indictment pursuant to Fed. R. Crim. P. 7(b), and plead guilty to each count of a three-count Information, in the form attached, in the United States District Court for the Southern District of New York, in which Naeh is charged with one count of violating 15 U.S.C. § 1, in connection with a conspiracy to allocate and rig bids for investment

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/10

agreements or other municipal finance contracts, from at least as early as 1998 until at least November 2006; one count of violating 18 U.S.C. § 371, in connection with a conspiracy to defraud municipal issuers, the United States and the Internal Revenue Service, from at least as early as August 2001 until at least November 2006; and one count of violating 18 U.S.C. § 1343, in connection with using a wire transfer in furtherance of a scheme to defraud municipal issuers.

## DEFENDANT'S COOPERATION

2. Naeh will continue to cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving investment agreements or other municipal finance contracts, as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of Naeh shall include, but not be limited to:

(a) Naeh agrees to produce to the United States all documents, information, and other materials, including any personal documents, in the possession, custody, or control of Naeh that may be requested by the United States in connection with any Federal Proceeding;

(b) Naeh agrees to make himself available for interviews with the

attorneys and agents of the United States at the New York Office of the Antitrust Division, or at other mutually-agreed upon locations, upon the request of attorneys and/or agents of the United States;

(c) Naeh agrees to bring to the attention of the United States all crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

(d) Naeh agrees to respond fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) Naeh agrees upon the request of the United States, to voluntarily provide the United States with any materials or information, not requested in (a)-(c) of this paragraph, that may relate to any such Federal Proceeding;

(f) Naeh, when called upon to do so by the United States in connection with any Federal Proceeding, will testify in grand jury, trial, and other judicial proceedings fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C.

§ 1503, *et seq.*);

   (g) Naeh agrees to consent to such adjournments of his sentence as may be requested by the Antitrust Division; and

   (h) Naeh agrees to commit no further crimes whatsoever.

3. Naeh agrees that any assistance he may provide to federal criminal investigators in connection with any Federal Proceeding shall be pursuant to the specific instructions and control of the Antitrust Division and those federal criminal investigators.

## GOVERNMENT'S AGREEMENT

4. Subject to the full, truthful, and continuing cooperation of Naeh, as described in Paragraph 2 of this Agreement, and upon the Court's acceptance of the guilty pleas called for by this Agreement, Naeh will not be further prosecuted criminally by the Antitrust Division of the Department of Justice, and with respect to tax crimes, by the Tax Division of the Department of Justice, for crimes committed prior to the date of this Agreement arising from the following activity (to the extent that Naeh has disclosed his participation in such criminal activity to the United States as of the date of this Agreement): (a) a conspiracy to allocate and rig bids for investment agreements or other municipal finance contracts, from at least as early as 1998 until at least November 2006; and (b) participating in any conspiracy or scheme to defraud municipal issuers or the Internal Revenue Service, from at least as early as August 2001 until at least November 2006. This Agreement does not provide any protection against prosecution for any

crimes arising from the activity except as set forth above. The non-prosecution terms of this paragraph do not apply to civil matters of any kind or crimes of violence.

5. The Antitrust Division agrees that when Naeh travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon his participation in a conspiracy to allocate and rig bids for investment agreements or other municipal finance contracts, or his participation in any conspiracy or scheme to defraud municipal issuers, the United States and the Internal Revenue Service to subject Naeh to arrest, detention, or service of process, or to prevent Naeh from departing the United States. This paragraph does not apply to the commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401 - 402) in connection with any testimony or information provided or requested in any Federal Proceeding.

6. It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice, or to the extent set forth in paragraph 4, the Tax Division of the United States Department of Justice. However, if requested, the Antitrust Division will bring the fact, manner and extent of the cooperation of Naeh to the attention of other prosecuting, administrative, and other agencies as a matter for such

agencies to consider as appropriate.

## POSSIBLE MAXIMUM SENTENCE

7. Naeh understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Title 15, Section 1 charged in Count One is:

    (a) a term of imprisonment of ten (10) years (15 U.S.C. § 1);

    (b) a fine in an amount equal to the greatest of (1) $1,000,000, (2) twice the gross pecuniary gain to any person derived from the offense, or (3) twice the gross pecuniary loss caused to a person other than the defendant from the offense (15 U.S.C. § 1, 18 U.S.C. § 3571(b) and (d)); and

    (c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2)).

8. In addition, Naeh understands that:

    (a) pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. §§ 3663(a)(3) or 3583(d), the Court may impose an order of restitution to the victim(s) of the offense; and

    (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

9. In addition, Naeh understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Title 18, Section 371 charged in Count Two is:

    (a) a term of imprisonment of five (5) years (18 U.S.C. § 371);

    (b) a fine in an amount equal to the greatest of (1) $250,000, (2) twice the gross pecuniary gain to any person derived from the offense, or (3) twice the gross pecuniary loss caused to a person other than the defendant from the offense (18 U.S.C. § 3571(b) and (d)); and

    (c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(4); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2)).

10. In addition, Naeh understands that:

    (a) pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court shall impose an order of restitution to the victim(s) of the offense; and

    (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment upon conviction for the charged crime.

11. In addition, Naeh understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Title 18, Section 1343 charged in Count Three is:

(a) a term of imprisonment of twenty (20) years (18 U.S.C. § 1343);

(b) a fine in an amount equal to the greatest of (1) $250,000, (2) twice the gross pecuniary gain to any person derived from the offense, or (3) twice the gross pecuniary loss caused to a person other than the defendant from the offense (18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2)).

12. In addition, Naeh understands that:

(a) pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court shall impose an order of restitution to the victim(s) of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment upon conviction for the charged crimes.

## SENTENCING AGREEMENT

13. Naeh understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. Naeh acknowledges that his entry of guilty pleas to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. The United States cannot and does not make any promises

or representations as to what sentence Naeh will receive. However, the United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of Naeh's activities with respect to this case, and all other activities of Naeh which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of Naeh's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by Naeh both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offenses charged in the attached Information, the participation of Naeh therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of Naeh, and to supply any other information that the Court may require.

14. If the United States determines that Naeh has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. §5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence Naeh in light of the factors set forth in U.S.S.G. §5K1.1(a)(1)-(5), and thus enabling the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines ranges for incarceration and fine. The United States and Naeh are free to recommend or argue for any specific sentence to the Court.

15. Naeh understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to reduction or modification of sentence.

16. Naeh acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that Naeh has not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §5K1.1, but will not entitle Naeh to withdraw his guilty pleas once they have been entered. Naeh further understands that whether or not the United States files its motions pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

17. It is understood that should the Antitrust Division determine, subsequent to the filing of a motion pursuant to U.S.S.G. §5K1.1 of the Sentencing Guidelines, that Naeh has violated any provision of this Agreement, the Antitrust Division shall have the right to withdraw such motion.

18. Naeh understands and agrees that should the conviction following his pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced or reinstated against him, notwithstanding the expiration

of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## REPRESENTATION BY COUNSEL

19. Naeh has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. Naeh has thoroughly reviewed this Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Agreement, and alternatives available to Naeh other than entering into this Agreement. After conferring with his attorney and considering all available alternatives, Naeh has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

20. Naeh hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering pleas of guilty, Naeh waives any and all right to withdraw his pleas or to attack his conviction, either on direct appeal or collaterally, on the ground that the United States has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), other than information establishing the factual innocence of Naeh, and impeachment material pursuant to Giglio v. United States, 405 U.S. 150

(1972), that have not already been produced as of the date of the signing of this Agreement.

21. Naeh's decision to enter into this Agreement and to tender pleas of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to Naeh as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

22. Naeh agrees that should the United States determine in good faith that Naeh has given false, misleading, or incomplete information or testimony, or that Naeh has failed in any other way to fulfill any of the obligations set out in this Agreement, the United States shall notify counsel for Naeh in writing by personal or overnight delivery or facsimile transmission of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and Naeh will be subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to the substantive offenses relating to the investigation resulting in this Agreement. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

23. If Naeh violates any provision of this Agreement, he agrees that any

documents, statements, information, testimony or evidence provided by him, whether before or after the execution of this Agreement, and any leads derived therefrom, shall be admissible in evidence in any and all criminal proceedings hereafter brought against Naeh, and that he will not assert a claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such evidence, or any leads therefrom, should be suppressed.

24. Naeh agrees to and adopts as his own the factual statement contained in Schedule A. In the event that Naeh breaches this Agreement, Naeh agrees that this Agreement, including the factual statement contained in Schedule A, provides sufficient basis for any possible future extradition request that may be made for his return to the United States to face charges either in the Information referenced in Paragraph 1 of this Agreement or in any related indictment. Naeh further agrees not to oppose or contest any request for extradition by the United States to face charges either in the Information referenced in Paragraph 1 of this Agreement or in any related indictment.

## ENTIRETY OF AGREEMENT

25. This Agreement constitutes the entire agreement between and among the United States and Naeh concerning the disposition of the charges contained in the attached Information. The United States has made no other promises to or agreements with Naeh. This Agreement cannot be modified other than in a writing signed by the parties.

Dated: 2/22/10

_____
DANIEL MOSHE NAEH,
A/K/A DANI NAEH

_____
SUSAN HOFFINGER, ESQ.

Counsel for
DANIEL MOSHE NAEH,
A/K/A DANI NAEH

_____
REBECCA MEIKLEJOHN

_____
STEVEN TUGANDER

_____
KEVIN B. HART

_____
MICHELLE O. RINDONE

Attorneys, Department of Justice
Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Phone: (212) 264-0656

# SCHEDULE A

The Antitrust Division of the United States Department of Justice and Daniel Moshe Naeh agree to stipulate to the following facts:

(a) From approximately 1991 until approximately August 2002, Naeh worked for a company identified as CDR in the attached Information. CDR's main office was in Beverly Hills, California. In August 2002, Naeh moved to Israel and continued working for CDR until approximately 2004. From approximately 1998 to approximately November 2006, CDR marketed financial products and services, including services as a broker or advisor, to various municipalities throughout the United States. From approximately 1998 to approximately November 2006, CDR acted as agent for various municipalities in conducting the bidding process and complying with the relevant United States Department of Treasury regulations in connection with the investment of the proceeds of municipal bonds.

(b) From approximately 1998 to approximately November 2006, while employed with CDR, Naeh participated in a conspiracy to allocate and rig bids for investment agreements or other municipal finance agreements.

(c) From approximately August 2001 until approximately November 2006, while employed with CDR, Naeh participated in a conspiracy to commit wire fraud, the purpose of which was to defraud municipal issuers and the Internal Revenue Service by secretly manipulating and controlling the bidding for investment agreements and other municipal finance contracts in return for kickbacks for Naeh's employer, CDR. This conduct resulted in said agreements and contracts being awarded at artificially suppressed interest rates, thereby depriving municipal issuers or the Internal Revenue Service of money.

(d) On or about August 16, 2002, Naeh caused the Health and Educational Facilities Authority of the State of Missouri ("MOHEFA") to award an investment agreement to Provider A and thereby later caused Provider A, on or about May 31, 2006, to make a suppressed interest payment to MOHEFA via an interstate wire transfer from New York, New York to St. Louis, Missouri.

(e) Acts in furtherance of the conspiracies or schemes referenced in paragraphs (b) and (c), above, were carried out, in part, within the Southern District of New York.